UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:26cv23077

MARCOS SOLIS,

     Plaintiff,

v.

PARK BUILT LLC,
a Florida limited liability company,
PREMIER CONTRACTING GROUP, LLC,
a Florida limited liability company,
DANIEL PARKER, individually, and
ZACHARY PARKER, individually,

     Defendants.

_____/

## **COMPLAINT**

Plaintiff, MARCOS SOLIS, by and through undersigned counsel, sues Defendants PARK BUILT, LLC., PREMIER CONTRACTING GROUP, LLC., DANIEL PARKER, individually, and ZACHARY PARKER, individually, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct substantial business in this District, Plaintiff performed work for Defendants in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District (Miami-Dade County).

PARTIES

3. Plaintiff, MARCOS SOLIS (hereinafter, "SOLIS" or "Plaintiff"), is a resident of North Miami Beach, Florida, and was employed by Defendants as a laborer from on or about September 1, 2025, until on or about January 30, 2026.

4. Defendant PARK BUILT, LLC. (hereinafter, "PARK" or "Defendant"), is a Florida limited liability company doing business in Miami-Dade County, Florida, as a construction contractor.

5. Defendant PREMIER CONTRACTING GROUP, LLC. (hereinafter, "PREMIER" or "Defendant"), is a Florida limited liability company doing business in Miami-Dade County, Florida, as the general contractor on the relevant projects.

6. Defendants PARK and PREMIER are joint employers of Plaintiff SOLIS within the meaning of the FLSA, 29 U.S.C. § 203(d), and 29 C.F.R. § 791.2. They share common ownership and control through Defendants DANIEL PARKER and ZACHARY PARKER, operate as an integrated enterprise in the construction industry, share the same worksites (three jobsites), maintain common management and supervision, and exert control over Plaintiff's work, pay, and terms and conditions of employment.

7. Defendant DANIEL PARKER (hereinafter, "D. PARKER" or "Defendant), is an owner of Defendant PARK and/or PREMIER.  Defendant D. PARKER is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), because he had operational control over the business, supervised employees, determined pay practices, and was directly involved in the day-to-day operations and wage decisions.

8. Defendant ZACHARY PARKER (hereinafter, "Z. PARKER" or "Defendant"), is an owner/supervisor of Defendant PARK and/or PREMIER.  Defendant Z. PARKER directly

supervised Plaintiff, assigned work, and participated in the pay and employment decisions affecting Plaintiff.  He is also an "employer" within the meaning of the FLSA.

9.   At all relevant times, Defendants were engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA. Defendants PARK and PREMIER had annual gross sales or business done in excess of $500,000.

10. At all relevant times, Defendants employed six or more employees and were subject to the FLSA's enterprise coverage.

## FACTUAL ALLEGATIONS

11. Plaintiff SOLIS was hired on or about September 1, 2025, as a laborer to perform remodeling work on two residential properties and one commercial property at three different jobsites.

12. Plaintiff's immediate supervisor was Defendant Z. PARKER.  Defendant D. PARKER was also involved in oversight as an owner.

13. Plaintiff was paid on a day-rate basis of $220 per day. No overtime premium was ever paid.

14. Approximately for the first two months of employment (approximately eight weeks), Plaintiff's regular schedule was Monday through Friday from 8:00 a.m. to 5:00 p.m. (nine hours per day × five days = 45 hours) plus Saturday and Sunday from 8:00 a.m. to 5:00 p.m. (nine hours per day × two days = 18 hours), for a total of 63 hours per week. Plaintiff received a 30-minute unpaid lunch break with no interruptions.

15. After the first two months, Plaintiff continued to work approximately 45 hours per week (Monday through Friday, 9 hours per day).

16. Plaintiff did not clock in or out and kept no personal time records. Defendants maintained no accurate records of Plaintiff's hours worked.

17. Plaintiff received no paystubs, and Defendants provided no FLSA posters or notices at the workplace.

18. Defendants failed to pay Plaintiff overtime premium, at the half-time rate, for 19.5 overtime hours per week during Plaintiff's first 8 weeks of employment.

19. Defendants failed to pay Plaintiff overtime premium, at the half-time rate, for 2.5 overtime hours per week during Plaintiff's second 7.5 weeks of employment.

20. Defendants failed to pay Plaintiff at least minimum wages for 40 hours per week, during Plaintiff's last 6.5 weeks of employment.

21. Defendants failed to pay Plaintiff overtime premium, at the full time-and-a-half rate, for 2.5 overtime hours per week, during Plaintiff's last 6.5 weeks of employment.

22. Due to Defendants' repeated and ongoing failure to pay wages owed for weeks of work, the working conditions became intolerable. Plaintiff complained about unpaid overtime and minimum wages during the last few weeks of his employment. On or about January 30, 2026, Plaintiff was constructively discharged.

23. Defendants' violations of the FLSA were willful and reckless. Defendants knew or showed reckless disregard for the fact that their pay practices violated the FLSA.

### **COUNT I**
### **Violation of the FLSA – Failure to Pay Overtime Compensation**
(29 U.S.C. § 207 – Against All Defendants, Jointly and Severally)

24. Plaintiff re-alleges and incorporates paragraphs 1–23 as if fully set forth herein.

25. During the first approximately eight weeks of employment, Plaintiff regularly worked 63 hours per week but was not compensated at one-and-one-half times his regular rate for all hours over 40 in each workweek.

26. Defendants failed to pay Plaintiff overtime premium, at the half-time rate, for 19.5 overtime hours per week during Plaintiff's first 8 weeks of employment.

27. Defendants failed to pay Plaintiff overtime premium, at the half-time rate, for 2.5 overtime hours per week during Plaintiff's second 7.5 weeks of employment.

28. Defendants failed to pay Plaintiff overtime premium, at the full time-and-a-half rate, for 2.5 overtime hours per week, during Plaintiff's last 6.5 weeks of employment

29. As a direct and proximate result of Defendants' violations, Plaintiff is owed unpaid overtime wages in the amount of $2,892.30.

30. Plaintiff is entitled to recover his unpaid wages, an equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### COUNT II
### Violation of the FLSA – Failure to Pay Minimum Wage Compensation
(29 U.S.C. § 206 – Against All Defendants, Jointly and Severally)

31. Plaintiff re-alleges and incorporates paragraphs 1–23 as if fully set forth herein.

32. Defendants failed to pay Plaintiff at least minimum wages for 40 hours per week, during Plaintiff's last 6.5 weeks of employment.

33. As a direct and proximate result of Defendants' violations, Plaintiff is owed unpaid minimum wages in the amount of $1,885.00.

30. Plaintiff is entitled to recover his unpaid wages, an equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b)

### COUNT III
### Constructive Discharge / Retaliation in Violation of the FLSA (29 U.S.C. § 215(a)(3)
(Against All Defendants, Jointly and Severally)

31. Plaintiff re-alleges and incorporates paragraphs 1–23 as if fully set forth herein.

32. By failing to pay Plaintiff wages owed for weeks of work performed, Defendants created intolerable working conditions.

33. Plaintiff complained about unpaid overtime wages and unpaid minimum wages during the last weeks of his employment.

34. Defendants retaliated against Plaintiff by refusing to pay Plaintiff for his last 45 days of work, including unpaid overtime wages.

35. Given the intolerable working conditions created by the Defendants, Plaintiff was forced to resign on January 30, 2026. This constructive discharge constitutes an adverse employment action.

36. Plaintiff's protected activity included his continued work while Defendants withheld wages and his implicit assertion of rights to proper compensation under the FLSA. Defendants' non-payment of wages owed was in retaliation for Plaintiff's protected activity and/or directly related to the enforcement of FLSA rights.

37. As a direct and proximate result of Defendants' retaliatory constructive discharge, Plaintiff has suffered lost wages, emotional distress, and other damages.

38. Plaintiff is entitled to all remedies available under the FLSA, including back pay, front pay, liquidated damages, attorneys' fees, and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, as follows:

a. Award Plaintiff all unpaid wages, or such greater amount as may be proven at trial;

b. Award an equal amount as liquidated damages;

c. Award prejudgment interest;

d. Award reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. Award compensatory damages, including, but not limited to lost wages and retaliation damages for constructive discharge;

f. Grant such other and further relief as this Court deems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 29, 2026

Respectfully submitted,

<u>/s/ Alexis Mena-Glasgow</u>
Alexis Mena-Glasgow, Esq.
Florida Bar No.: 117839
SIMPSON & MENA, PA
2250 Southwest Third Avenue
Suite 501
Miami, Florida 33129
Telephone: 305-912-7665
E-mail: alexis@simpsonmenalaw.com
*Counsel for Plaintiff*